IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JACKQUELINE M. JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1146-STA-jay |
| | ) | |
| DEON WILLIANS and | ) | |
| MAPLE RICE, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATIONS
OF MAGISTRATE JUDGE FOR DISMISSAL,
DENYING PLAINTIFF'S MOTION TO AMEND,
AND
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On September 30, 2019, Magistrate Judge Jon A. York filed his report and recommendation that the *pro se* complaint filed by Plaintiff Jackqueline M. Jordan in this matter should be dismissed *sua sponte* under Fed. R. Civ. P. 8 and 12(b)(6). (ECF No. 15.) As noted by Magistrate Judge York, the complaint was filed under 42 U.S.C. § 1983 and identifies Deon Williams and Maple Rice as defendants. Plaintiff filed a one page, two paragraph objection on October 16, 2019 (ECF No. 16), and a motion to amend her complaint. (ECF No. 17.) On December 3, 2019, the Magistrate Judge recommended that the motion to amend be denied. (ECF No. 19.) Plaintiff has not filed any objections to this report and recommendation.

For the reasons set forth below, the report and recommendations are **ADOPTED** in their entirety, and the motion to amend is **DENIED**.

### Objections to First Report and Recommendation

If a party objects within the allotted time to a Report and Recommendation, as did Plaintiff, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b) (1); *see also* Fed. R. Civ. P. 72(b). However, parties must file specific objections. "[T]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 2001 WL 303507 *1 (6th Cir. March 19, 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

In the present case, the Magistrate Judge recommended that the complaint be dismissed because Plaintiff alleged no facts showing that Defendants were state actors or acting under color of state law when they allegedly deprived her of a constitutional or federal statutory right. Therefore, she could not establish a claim under 42 U.S.C. § 1983.

Plaintiff has made no specific objections to the Magistrate Judge's report. Because a "general objection to the entirety of the magistrate's report has the same effects as would a failure to object," *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991), the Court denies Plaintiff's objections.

### Motion to Amend the Complaint

Plaintiff seeks to amend her complaint to allege that Defendants Deon Williams and Maple Rice are state actors and/or acting under color of state law so as to establish a violation of § 1983. She alleges that Williams is employed by Lighthouse Mission Ministries as the coordinator for Safe Harbor of Memphis. According to the website for Lighthouse Mission Ministries, "The Lighthouse is a Christian ministry in Memphis, Tennessee, offering Christian counseling and other services to those who are homeless, recovering from a drug or alcohol

addiction, or recently released from prison."[1]  It is also described as a "small, independent church."  Safe Harbor of Memphis is a "faith-based recovery support services program."[2] The goal of the program is "to provide its clients with so much more than food and shelter—we strive to make a lasting difference through group and pastoral counseling, life building classes, and finding them permanent employment which provides stability once they leave [] care."

Apparently, Plaintiff was a client of Lighthouse Mission Ministries and Safe Harbor and was placed at Brimhall Foods in a jobs training program.  In a prior lawsuit, Plaintiff sued Brimhall Foods, alleging that she was discriminated against and retaliated against on the basis of her gender and religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.  *Jordan v. Brimhall Foods Co., Inc.*, 2017 WL 6523167 at *1 (W.D. Tenn. Dec. 7, 2017), rep. & rec. adopted, 2017 WL 6520923 (W.D. Tenn. Dec. 20, 2017). She also alleged that she was sexually harassed while working at Brimhall Foods.  In addition to suing Brimhall Foods, Plaintiff also purported to file her 2017 lawsuit as a "Third Party Plaintiff" against "Third Party Defendants" Deon Williams, Maple Rice, and Reliable Temporary Services Director.  The 2017 lawsuit was ultimately dismissed because Plaintiff was not an employee of Brimhall Foods. The relevant events of the 2017 lawsuit and the present lawsuit appear to be the same and all occurred in 2015.[3]

Plaintiff seeks to amend her complaint to allege that Deon Williams was a state actor because, in his role as jobs coordinator for Lighthouse Mission Ministries and Safe Harbor, he had to comply with certain state laws. She also appears to allege that Defendants Williams and

---

[1]  See http://www.lhmm.org (accessed on October 17, 2019).

[2]  See http://www.safeharbormemphis.org (accessed on October 17, 2019).

[3]  Plaintiff's allegations are difficult to decipher in both the 2017 lawsuit and this lawsuit.

3

Rice were acting under color of state law when they purportedly violated Title VII by not investigating her reports of discrimination and harassment while she worked at Brimhall Foods.

Although Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," leave may be denied on the basis of undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposite party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir.1999). If the district court concludes that the pleading as amended could not withstand a motion to dismiss, then the court may deny the motion to amend as futile. *See Spigno v. Precision Pipeline*, LLC, 59 F. Supp. 3d 831, 834 (E.D. Mich. 2014).

Here, the fact that Defendants were required to follow state law does not make them state actors or make them act under color of state law. If so, every person would become a state actor because everyone if required to follow state law. Furthermore, all the alleged events in the amended complaint occurred in 2015 and are now barred by the one-year statute of limitations. *See Wallace v. Kato*, 594 U.S. 384, 387 (2007) (reiterating that suits under § 1983 have the same statute of limitations as the personal injury statute of limitations in the state in which the action is brought); Tenn. Code Ann. § 28-3-104 (the statute of limitations in Tennessee for personal injury claims is one year). Therefore, allowing Plaintiff to amend her complaint would be futile, and the Magistrate Judge correctly determined that her motion to amend the complaint should be denied.

## Summary and Conclusion

The Court has reviewed the allegations of the complaint, the motion to amend the complaint, the Report and Recommendations, and Plaintiff's objections and finds that the

Magistrate Judge correctly applied the applicable law to Plaintiff's claims. Thus, the Court adopts the recommendation that all claims be dismissed *sua sponte*. Because Magistrate Judge York correctly determined that this matter should be dismissed *sua sponte*, Plaintiff's objections are **OVERRULED**, and the Report and Recommendations are **ADOPTED.** Plaintiff's motion to amend her complaint is **DENIED**.

Appellate Issues

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file her motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that the complaint should be dismissed *sua sponte* but the action has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint *sua* sponte also compel the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[4]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: January 2, 2020

---

[4] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this Court copies of documents intended for filing in the Sixth Circuit.